IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JON OBERMILLER,<br><br>Plaintiff,<br><br>    v.<br><br>HIGH PLAINS PIZZA HUT, INC.,<br>d/b/a PIZZA HUT, and KWS, Inc, and<br>Nebraska Corporation,<br><br>Defendants. | Case No.<br><br><br><br>COMPLAINT, JURY DEMAND,<br>AND DESIGNATION OF PLACE<br>OF TRIAL |

Plaintiff, Jon Obermiller, for his cause of action against Defendants, High Plains Pizza Hut, Inc., d/b/a Pizza Hut, a Nebraska corporation and KWS, Inc., a Nebraska corporation, states and alleges as follows:

**Parties**

1. Jon Obermiller ("Mr. Obermiller") is an individual residing in Kearney, Buffalo County, Nebraska.

2. High Plains Pizza Hut, Inc., d/b/a Pizza Hut ("High Plains") is a Nebraska Corporation with its principal place of business in Grand Island, Nebraska.

3. High Plains is a wholly- or partially-owned subsidiary of KWS, Inc. ("KWS"), a Nebraska corporation with a principal place of business in Grand Island, Nebraska.

4. KWS directs the labor decisions for High Plains and shares operational managers, such as the Director of Operations and Human Resources.

5. High Plains and KSW have interrelated operations, centralized control of labor, common management, and common ownership and financial control

1

## Jurisdiction and Venue

6. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 because the claims accrued herein are matters of federal law.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391, in that a substantial part of the events and omissions giving rise to this action occurred in this District.

## Factual Background

8. Mr. Obermiller incorporates paragraphs 1 through 7 as if stated fully herein.

9. On June 12, 1985, Mr. Obermiller was hired by Pizza Hut, Inc. as an assistant store manager.

10. In February 1987, Mr. Obermiller was promoted to manager and remained in that role until his termination in January 2024.

11. From 1985 to 1990, Mr. Obermiller served in these roles through various Pizza Hut locations. In 1990, he moved to Kearney and has been employed at the Kearney Pizza Hut location since.

12. Mr. Obermiller was continuously employed by Pizza Hut, Inc., until the stores he was working in were purchased by Peak Interests, LLC ("Peak Interests") in December 1995. Peak Interests continued to operate the Pizza Hut franchise in Kearney, Nebraska and Mr. Obermiller continued the same employment with Peak Interests.

13. While employed by Peak Interests Mr. Obermiller suffered injuries to both knees ("Knee Injuries").

14. Mr. Obermiller's Knee Injuries have caused him to have several follow-up surgeries and have taken him away from work.

15. Mr. Obermiller requested, and received from Peak Interests, permanent accommodation related to his Knee Injuries, to wit: limiting his hours to 32-36 hours per week.

16. On June 7, 2023, the Kearney, Nebraska, Pizza Hut franchise was purchased by High Plains.

17. Mr. Obermiller continued as the Kearney, Nebraska store manager and all operations remained the same or substantially similar.

18. High Plains, initially, honored the accommodation previously granted by Peak Interests.

19. On June 27, 2023, Lois Smidt ("Ms. Smidt"), the human resources coordinator for High Plains and KWS, contacted Mr. Obermiller and demanded a doctor's note to substantiate the previously-approved accommodation request.

20. In response to Ms. Smidt's demand, Mr. Obermiller provided a note dated December 2022, which was the most recent note he had.

21. Ms. Smidt indicated the December 2022 note was not recent enough and demanded and new doctor's note.

22. Mr. Obermiller contacted his physician's office, which indicated it could not issue a new note because he had not been seen since the last note was issued. They further indicated they could not see him his previously-scheduled appointment in August, 2023.

23. Mr. Obermiller reported his call to Ms. Smidt, who demanded that he demand a new note from his physician, Dr. John Wright ("Dr. Wright"). Mr. Obermiller did so and Dr. Wright's office, again, indicated it could not provide a new note until his previously-scheduled August appointment.

24. In August, 2023, Mr. Obermiller met with the Director of Operations for KWS, Jim Malocek, on an unrelated matter. During the conversation, Mr. Molacek asked about Mr. Obermiller's knees. Mr. Obermiller indicated he was working about 35 hours a week and was willing to transition from salary to an hourly-pay basis. Mr. Molacek indicated the pay transition wasn't necessary and said something to the effect that High Plains needed to "take care of" Mr. Obermiller.

25. On August 23, 2023, Mr. Obermiller had an appointment with Dr. Wright related to his Knee Injuries.

26. Dr. Wright indicated Mr. Obermiller would need corrective surgery on his knees. The revision on Mr. Obermiller's right knee was scheduled for October 9, 2023.

27. Also on August 23, 2023, Mr. Obermiller contacted his direct supervisor, Mike Roberts ("Mr. Roberts"), and informed Mr. Roberts of the impending surgery.

28. Mr. Roberts instructed Mr. Obermiller to contact Ms. Smidt to begin FMLA paperwork.

29. Mr. Obermiller received FMLA paperwork on September 1, 2023 and was told by Ms. Smidt that Mr. Obermiller needed to have the paperwork returned by the end of September to be valid.

30. Mr. Obermiller forwarded the appropriate documents to Dr. Wright's office for completion.

31. On September 11, 2023, Mr. Roberts received an email from Ms. Smidt demanding return of Mr. Obermiller's FMLA paperwork.

32. On September 12, 2023, Mr. Obermiller received notice from Dr. Wright's office that the FMLA documents were completed. Mr. Obermiller traveled to Dr. Wright's office to collect the documents and scanned them to Ms. Smidt.

33. The FMLA form from Dr. Wright's office indicated Mr. Obermiller would be unable to return to work until December 9, 2023.

34. Mr. Obermiller informed Mr. Roberts of his anticipated return date, to which Mr. Roberts replied "Wow out a lot longer than I thought Wow".

35. Neither Ms. Smidt, Mr. Roberts, nor any other employee of High Plains of KWS addressed the October FMLA leave with Mr. Obermiller after those interactions.

36. Mr. Obermiller had surgery on his right knee on October 9, 2023, as scheduled.

37. On October 16, Mr. Obermiller was released to work from home, so long as his foot was elevated until November 15.

38. Mr. Obermiller began doing "light duty", such as prep plans, food orders, and scheduling from home on October 18, 2023.

39. On October 23, Mr. Obermiller was released for three-hours of in-store work per day with the following restrictions in place until November 15, 2023: keep iced and do not work through pain.

40. During the time Mr. Obermiller was restricted, the store was understaffed and had only two closing managers. The day manager had to leave by 1:00 p.m. and Mr. Roberts required Mr. Obermiller to stay until close, 10:00 p.m. It, then, took an hour to cleanup. Mr. Obermiller could not close early. During the time he was restricted to three hours a day, he was required to work 9-10 hours per day.

41. On November 15, 2023, Mr. Obermiller followed up with Dr. Wright, who indicated Mr. Obermiller could gradually increase work hours, but was not to work through the pain. Ms. Smidt said something to the effect that it was the "most vague" doctors note she had ever seen.

42. On December 5, 2023, Mr. Obermiller experienced complications from the surgery leading to the wound not properly healing and was referred to the wound care department of CHI-Good Samaritan hospital in Kearney, Nebraska.

43. Mr. Obermiller had a left-knee revision scheduled for January 15, again related to the Knee Injuries.

44. On January 4, 2024, Ms. Smidt requested an updated copy of Mr. Obermiller's restrictions.

45. On January 8, 2024, Mr. Obermiller was diagnosed with a staph infection in his right knee from the unhealed wound. He was referred for emergency surgery and admitted to the hospital.

46. Mr. Obermiller informed Mr. Roberts right away of the situation.

47. On January 16, 2024, Mr. Roberts suggested Mr. Obermiller contact Ms. Smidt regarding another FMLA leave. Mr. Obermiller did so.

6

48. Ms. Smidt responded to Mr. Obermiller's request, essentially asking why he thinks he would qualify for FMLA protection in January when he was denied in October. This was the first time he had heard he had been denied FMLA protection in October.

49. Mr. Roberts indicated he, also, did not know that Mr. Obermiller had been denied FMLA leave in October.

50. Mr. Obermiller was released from the hospital on January 18, 2024.

51. On January 25, 2024, Mr. Obermiller received a note from Dr. Wright indicating that he could return to work so long as he performed only seated duties. This accommodation would be re-evaluated within one month.

52. High Plains rejected the January 25 accommodation and told Mr. Obermiller he could return to work when he had zero restrictions. Mr. Obermiller had previously, satisfactorily, performed all necessary job functions for his position from a seated position.

53. Mr. Obermiller indicated that he was permanently handicapped and would never have zero restrictions.

54. Mr. Obermiller received notice of termination on January 26, 2024. stating the reason for his termination was inability to perform the essential job functions due to health issues.

55. Mr. Obermiller had previously completed all essential job functions with the same restrictions.

## Cause of Action I: Americans with Disabilities Act

56. Mr. Obermiller incorporates the allegations contained in Paragraphs 1 through 55 of this Complaint as fully stated therein.

57. High Plains failed to provide reasonable accommodations to Mr. Obermiller, specifically allowing him to complete his work from a seated position, when he had previously demonstrated that he could perform the essential job functions adequately from such position.

58. High Plains violated the Americans with Disabilities Act when it terminated Mr. Obermiller, instead of granting reasonable accommodations.

59. As a result of High Plains' violation of the ADA, Mr. Obermiller has been injured in an amount not less than $515,685.00.

## Cause of Action II: Family Medical Leave Act (FMLA)

60. Mr. Obermiller incorporates the allegations contained in Paragraphs 1 through 59 of this Complaint as fully stated therein.

61. High Plains violated the FMLA when it denied Mr. Obermiller's FMLA request and, instead, terminated his employment.

62. High Plains and/or KWS has fifty or more employees within a 75-mile radius of its Kearney location.

63. Mr. Obermiller met all statutory prerequisites for the FMLA to provide protection.

64. High Plains' and/or KWS's violation of the FMLA was willful.

8

65. As a result of High Plains' violation of the FMLA, Mr. Obermiller has been injured in an amount not less than $515,685.00.

WHEREFORE, Plaintiff requests an order of this Court entering judgment in favor of Plaintiff, against Defendant in an amount not less than $1,031,370.00, including special damages of $515,685.00, general damages of $515,685.00, and attorneys' fees allowed by statute in an amount to be determined at trial, and any other relief the Court deems just and equitable.

### Demand For Jury Trial

Plaintiff hereby makes demand for a jury trial in Lincoln, Nebraska.

Date: May 19, 2026

By: /s/ Coy T. Clark
Coy T. Clark, #27028
cclark@jacobsenorr.com
JACOBSEN ORR, LINDSTROM
& HOLBROOK, P.C., L.L.O.
Attorneys at Law
5408 Global Drive | P. O. Box 1060
Kearney, NE 68848-1060
308-234-5579 | 308-234-9305 (fax)